IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS LOCAL No. 592 PENSION FUND, *et al.* | : |
| | : |
| Plaintiffs, | : |
| | : No. 2:21-cv-04494-AB |
| ADVANCED FLOORING SYSTEMS, INC. | : |
| | : |
| Defendant. | |

**ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANT**
**ADVANCED FLOORING SYSTEMS, INC.**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "ERISA Funds"), General Building Contractors Association, Inc. Industry Advancement Program ("IAP"), Cement Masons Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union" and together with ERISA Funds, IAP, and PAC, "Funds"), and Mark Wildsmith ("Wildsmith" and together with Funds, "Plaintiffs"), the supporting Memorandum, Declarations and attached Exhibits, it appears to the Court that Defendant Advanced Flooring Systems, Inc. was served with process on November 18, 2021, and has inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendant having been entered, it is ORDERED:

1.  Judgment is entered against Defendant and in favor of Plaintiffs in the amount of $34,544.44. This amount consists of the following:

(a) Delinquent contributions of $22,793.05, for the period January 1, 2016, through December 31, 2018, under 29 U.S.C. §§ 185(a) and 1132(g)(2)(A).

(b) Interest accrued on the delinquent contribution amounts through April 11, 2022 in the amount of $5,349.58.

(c) Liquidated damages on the delinquent contributions in amount of $2,279.31 under 29 U.S.C. § 1132(g)(2)(C)(ii).

(d) Audit costs in the amount of $970.00.

(e) Total attorneys' fees and costs in the amount of $3,152.50 incurred in the collection and enforcement of this matter through April 11, 2022.

2. A portion of the above judgment in the amount of $34,544.44 includes relief for the Pension Fund, Welfare Fund, and Apprenticeship Fund under 29 U.S.C. §1145, 1132(g). Relief under these provisions totals $30,099.58, consisting of the following amounts for contributions, interest, liquidated damages and attorneys fees:

(a) Delinquent contributions of $20,188.50, for the period January 1, 2016, through December 31, 2018, under 29 U.S.C. §§ 185(a) and 1132(g)(2)(A).

(b) Interest accrued on the delinquent contribution amounts through April 11, 2022 in the amount of $4,739.73.

(c) Liquidated damages on the delinquent contributions in amount of $2,018.85 under 29 U.S.C. § 1132(g)(2)(C)(ii).

(d) Total attorneys' fees and costs in the amount of $3,152.50 incurred in the collection and enforcement of this matter through April 11, 2022.

3. Post-judgment interest on the ERISA claim is limited to the amounts provided by 28 U.S.C. § 1961.

*4.* Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment as well as those incurred in the collection of delinquent contributions which may be found to be due as a result of the audit provided for in Paragraph 2 above. *See* 29 U.S.C. § 1132(g)(2); *Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 Fed. Appx. 972 (3d Cir. 2003) ("In successful actions for delinquency payments, attorney's fees are not discretionary.") *citing United Retail and Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn*, 787 F.2d 128, 135 (3d Cir. 1986) (internal quotation omitted); *Free v. Briody*, 793 F.2d 807 (7th Cir. 1986); *Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co.*, 867 F.2d 852 (10th Cir. 1989).

5. If Defendant fails to comply with any of the terms of this judgment, Plaintiffs may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

6. This Order and Judgment is enforceable, without duplication, by one or more of the Plaintiffs, jointly and severally, or their agents.

BY THE COURT

Dated: June 22, 2022

s/ANITA B. BRODY, J.

ANITA BRODY                                J.
United States District Court